Richard L. TREVLYN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 28, 2001.

Decided Nov. 15, 2001.

Jon D. Fox, Elkins Park, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge, McGINLEY, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Richard L. Trevlyn (Licensee) appeals from an order of the Court of Common Pleas of Montgomery County (trial court), dismissing Licensee's statutory appeal from the one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to Section 1532(b)(3) and Article IV(a)(2) of Section 1581 of the Vehicle Code (Code), 75 Pa. C.S. §§ 1532(b)(3), 1581.[1] We affirm.

On October 21, 1999, Licensee was convicted for violating New Jersey's driving under the influence (DUI) statute, N.J.S. § 39:4–50.[2] As both New Jersey and Penn-

---

**1.** Section 1532(b)(3) of the Code provides that DOT "shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance). . . ." Article IV(a)(2) of Section 1581 of the Code is part of the Driver's License Compact of 1961 (the Compact), an agreement among several states to promote compliance with each party state's motor vehicle laws, and provides that "[t]he licensing authority in the home state, for the purposes of suspension, . . . . shall give the same effect to the conduct reported . . . . as it would if such conduct had occurred in the home state in the case of convictions for . . . . driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug. . . . . "

**2.** N.J.S. § 39:4–50 addresses driving while intoxicated and provides in part:
(a) [A] person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood . . . shall be subject:
(1) For the first offense, to a fine of not more than $250.00 nor more than $400.00 and a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day . . . in the discre-

sylvania are members of the Compact, authorities in New Jersey reported the conviction to authorities in Pennsylvania, as required by Article III of the Compact.[3] By letter dated September 19, 2000, DOT notified Licensee that:

> Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW JERSEY of your conviction on 10/21/1999 of an offense which occurred on 08/26/1999, which is the equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

(R.R. at 35a).

Licensee filed a statutory appeal of his suspension with the trial court. On December 18, 2000, the trial court held a *de novo* hearing, at which DOT introduced into evidence a packet of documents establishing Licensee's New Jersey conviction and notice of the suspension from DOT. Licensee objected to the New Jersey con-

viction report on the basis that the report did not satisfy the requirements of Article III of the Compact. The trial court overruled the objection and admitted the documents into evidence.

In opposition, Licensee testified that he was not informed that his operating privileges in Pennsylvania would be suspended as a result of his guilty plea to the New Jersey DUI charge. (R.R. at 14a). Additionally, Licensee testified that if his conduct would have occurred in Pennsylvania he would have qualified for Accelerated Rehabilitation Disposition (ARD) and DOT would have suspended his operating privileges for a shorter time period. On March 14, 2000, the trial court affirmed the suspension of Licensee's operating privileges imposed by DOT.[4]

 On appeal to this Court,[5] Licensee argues that New Jersey's DUI statute is not substantially similar to Article IV(a)(2) of the Compact. Additionally, Licensee argues that the dual suspensions of his operating privileges imposed by New Jersey and DOT violate his rights to due process, equal protection and double jeopardy. Licensee also argues that his due process rights were violated because he was not informed that his New Jersey

---

> tion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than six months nor more than one year.

3. Article III of the Compact provides as follows:

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute . . . . violated, identify the court in which action was taken, indicate wheth-

> er a plea of guilty or not guilty was entered . . . . and shall include any special findings made in connection therewith.
> 75 Pa.C.S. § 1581, Article III.

4. On May 29, 2001, the trial court denied Licensee's petition for stay of his license suspension pending appeal because it believed that Licensee's appeal was without merit.

5. Our scope of review of a decision in a license suspension case is to determine if the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

conviction would result in the suspension of his Pennsylvania operating privileges. Furthermore, Licensee argues the Pennsylvania General Assembly did not intend to create a two-tiered system of punishment for Pennsylvania licensees who are first-time offenders. Licensee also asserts that the Compact constitutes an unconstitutional delegation of legislative power to the executive branch. With the exception of two issues, we believe that all of Licensee's arguments have been previously addressed. We additionally conclude that all of Licensee's arguments are without merit.[6]

■ First, we emphasize that this Court has previously held that New Jersey's DUI statute is substantially similar to Article IV(a)(2) of the Compact. *Jacobs v. Department of Transportation, Bureau of Driver Licensing,* 783 A.2d 370 (Pa. Cmwlth.2001); *Kiebort v. Department of Transportation, Bureau of Driver Licensing,* 778 A.2d 773 (Pa.Cmwlth.2001). Thus, we must immediately reject that portion of Licensee's argument regarding substantial similarity.

■ Next, Licensee argues that his rights to due process, equal protection and double jeopardy were violated by the suspensions of his operating privileges in both New Jersey and Pennsylvania. However, the Pennsylvania Supreme Court in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000), specifically rejected each of Licensee's arguments. Thus, we believe the trial court properly dismissed Licensee's appeal on these bases.[7]

■ License also argues that his due process rights were violated since he was not notified that his New Jersey conviction would result in the suspension of his Pennsylvania operating privileges. Again, Licensee's argument is clearly without merit. *See McCafferty,* 563 Pa. at 158–159, 758 A.2d at 1162; *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994), *cert. denied,* 513 U.S. 884, 115 S.Ct. 223, 130

6. We note that Licensee raises two additional arguments in his brief: 1) that the conviction and notice are legally defective because Section 1532(c) does not refer to an equivalent or out-of-state conviction under Section 3731 of the Code; and 2) that the report provided to DOT by New Jersey was so factually inaccurate and legally insufficient under the Compact as to nullify the suspension of Licensee's operating privileges. However, since Licensee failed to raise these issues in his statement of matters complained of on appeal, they are waived and thus, will not be addressed. *See* Pa. R.A.P.1925(b)(failure to comply with the rule may be considered by the appellate court as a waiver of all objections to the trial court's order, ruling or other matter complained of).

7. For the same reason, we reject Licensee's assertion that the General Assembly did not intend to create a "two-tiered system of punishment" for Pennsylvania licensees who are first-time offenders. Specifically, Licensee takes issue with the fact that "a first-time DUI offender stopped in Pennsylvania who qualifies for ARD, receives a 1 month license suspension and a first[-]time DUI offender stopped in New Jersey (or any sister state) receives a 12 month license suspension." (Licensee's statement of matters complained of on appeal, paragraph 3). Simply stated, the *McCafferty* court recognized that although a licensee may have been eligible for ARD had the offense occurred in Pennsylvania it was in no way a violation of the licensee's right to equal protection. In the same vein, it cannot be viewed as inequitable. As the Supreme Court recognized, ARD is neither a "right" nor a "foregone conclusion," but a matter of prosecutorial discretion. *McCafferty,* 563 Pa. at 160, 758 A.2d at 1162. Furthermore, Licensee's argument ignores the fact that a person entering the ARD program must receive a suspension of his driving privileges. The length of the suspension is at the discretion of the sentencing judge. It must be at least thirty days but can be as high as one year. *See* Section 3731(e)(6)(ii) of the Code, 75 Pa. C.S. § 3731(e)(6)(ii).

L.Ed.2d 149 (1994)(a criminal need not be informed of all collateral civil consequences that may arise from a criminal conviction as a precondition to the defendant entering a knowing and voluntary guilty plea to an underlying criminal charge).

██ Finally, Licensee asserts that the Compact represents an unconstitutional delegation of power from the legislative branch to the executive branch. Specifically, Licensee asserts that the Compact is unconstitutional because the Secretary of Transportation, a member of the executive branch, entered into the Compact. However, our Supreme Court held in *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481 (1998), that the Secretary of Transportation's authority to enter into the Compact did not itself constitute enactment of the Compact. The Compact did not, in fact, become law until December 10, 1996, when the General Assembly formally adopted it. Thus, we reject this argument as well.

Accordingly, the order of the trial court is hereby affirmed.

### ORDER

AND NOW, this 15th day of November, 2001, the order of the Court of Common Pleas of Montgomery County is hereby affirmed.