**James C. WERT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 2003.

Decided April 14, 2003.

---

**184**

Richard R. Fink, Langhorne, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

James C. Wert (Licensee) appeals from the order of the Court of Common Pleas of Bucks County (trial court) that sustained a one-year suspension of his driver's license by the Department of Transportation, Bureau of Driver Licensing (PennDOT). Licensee was convicted for driving while intoxicated in the State of New Jersey, and under the Driver's License Compact,[1] PennDOT suspended Licensee's privilege to operate a vehicle in Pennsylvania. Licensee believes that PennDOT has violated certain of his constitutional rights and, thus, seeks this Court's reversal of the trial court.

The facts in this appeal are not in dispute. On July 28, 2001, Licensee was arrested in New Jersey for driving while intoxicated (DWI), and on August 30, 2001, Licensee was convicted pursuant to New Jersey's DWI Law, N.J. Stat. Ann. § 39:4–50(a)(2002).[2] On October 22, 2001, PennDOT notified Licensee that his driving privileges were being suspended for one year, pursuant to Sections 1532[3] and 1581

---

1. The Compact is incorporated into the Motor Vehicle Code at 75 Pa.C.S. §§ 1581–1586.

2. It states:

 (a) Except as provided in subsection (g) of this section, a person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood shall be subject: [to enumerated fines, penalties and imprisonment].

 N.J. Stat. Ann. § 39:4–50(a) (2002) (Section 50(a)).

3. 75 Pa.C.S. § 1532 sets forth the particulars of Pennsylvania's driving under the influence (DUI) statute.

of the Vehicle Code, 75 Pa.C.S. §§ 1532 and 1581.[4] Licensee appealed, and on May 7, 2002, a hearing was held *de novo* before the trial court. PennDOT presented its evidence and rested. Licensee did not offer any evidence in rebuttal, choosing instead to base his appeal on a series of legal claims.[5] His principal legal claim was that his citizenship privileges and immunities had been violated along with certain of his Pennsylvania constitutional rights. On June 6, 2002, the trial court upheld PennDOT's suspension, and Licensee appealed.

Before this Court, Licensee again argues that his suspension violated his privileges and immunities as a citizen of the United States and of Pennsylvania. He argues that the Compact penalizes Pennsylvania drivers unjustly and infringes upon their fundamental right to visit other states, especially New Jersey. In support, he notes that the Accelerated Rehabilitative Disposition (ARD) is available for Pennsylvania citizens arrested and convicted in Pennsylvania for driving under the influence (DUI), but not in New Jersey;

that extrapolation evidence[6] is available in Pennsylvania to defend against a DUI charge, but not in New Jersey; and that Pennsylvania drivers are exposed to successive suspensions, one in New Jersey and then another in Pennsylvania. Again, he argues that his suspension violated certain personal rights protected by the Pennsylvania Constitution.

In response, PennDOT argues that the contentions made by Licensee to advance his federal constitutional claims have been waived because they were not raised below but, in any case, they lack merit. PennDOT also contends that the Compact does not affect Licensee's ability to travel because he has no constitutional right to travel to another state "and then to drive drunk therein." PennDOT Brief, 16. Finally, PennDOT argues that Licensee's arguments under the Pennsylvania Constitution have not been adequately developed in his Brief to this Court.

### Waiver

 We first address PennDOT's waiver argument as it relates to Licensee's

---

4. 75 Pa.C.S. § 1581, Section IV(a)(2) of the Driver's License Compact, states:

 (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

 \* \* \*

 (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.

5. Licensee raised two legal issues then pending before the Pennsylvania Supreme Court. First, he raised the issue of whether the Compact, 75 Pa.C.S. § 1581, had been improperly amended by Section 1584 of the Vehicle Code, 75 Pa.C.S. § 1584, (relating to furnish-

ing information to other states). His second issue was whether 75 Pa.C.S. § 1581 violated equal protection. Neither of these issues continues to be pursued by Licensee before this Court.

6. Extrapolation evidence is expert testimony that is offered to show that at the moment the defendant was operating a vehicle his blood alcohol content (BAC) was below the legal maximum, which is 0.10% in both Pennsylvania and New Jersey. It recognizes, logically, that a BAC test cannot be done while the accused is still operating a vehicle. New Jersey statute requires that the BAC test be done within a reasonable time of vehicle operation, and extrapolation evidence may not be used to close the gap between the time of the test and vehicle operation. *State of New Jersey v. Tischio,* 107 N.J. 504, 527 A.2d 388 (1987). By contrast, extrapolation evidence must be considered in a Pennsylvania DUI case. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162 (1996).

federal constitutional claims. It is true, as claimed by PennDOT, that Licensee's arguments about ARD, extrapolation evidence and consecutive suspensions are points he did not make at the hearing before the trial court. It is also true that the Compact has withstood attack on these grounds and specifically with respect to New Jersey.[7] However, Licensee did raise the issue of privileges and immunities to the trial court.

Failure to raise an issue below precludes its consideration by this Court on appeal. Pa. R.A.P. 302(a).[8] Here, Licensee points to ARD, extrapolation evidence and successive suspensions not to make the legal claim that Section 50(a) of the New Jersey DWI Law is not substantively similar to Article IV(a)(2) of the Compact. Rather, he makes these points[9] to support his

claim that the Compact infringes upon the privileges and immunities of Pennsylvania citizens, an issue Licensee did preserve.[10]

On the other hand, where a legal argument requires, but lacks, a foundation in evidence, it cannot be raised on appeal. This is the case with respect to Licensee's claim that he has been penalized by consecutive suspensions: first, by the State of New Jersey and then by the Commonwealth of Pennsylvania. There is nothing in the record to show when Licensee's New Jersey suspension began, when it ended or even if it has ended. PennDOT rejoins that Licensee's "claim is patently untrue," and that, as a matter of law,[11] Licensee's operating privilege was suspended pursuant to Pennsylvania law "without regard for when, if ever, [his] operating privilege" was suspended in

7. Attempts have been made to defeat a suspension imposed pursuant to the Compact for the reason that ARD is not available in New Jersey, but they have failed. *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000) (wherein our Supreme Court found the lack of ARD in New Jersey did not render the Compact unconstitutional under theory of double jeopardy, equal protection or due process); *Trevlyn v. Department of Transportation,* 786 A.2d 1040 (Pa.Cmwlth. 2001) (wherein Section 50(a) of the New Jersey DWI Law was found substantially similar to Article IV(a)(2) of the Compact notwithstanding the lack of ARD in New Jersey for DWI convictions). The Compact has also survived a challenge on the basis that extrapolation evidence is not available in New Jersey. *Kulp v. Department of Transportation, Bureau of Driver Licensing,* 795 A.2d 471 (Pa.Cmwlth. 2002). Finally, it has been held that the Compact does not require that suspensions be run concurrently. *Seibert v. Department of Transportation, Bureau of Driver Licensing,* 715 A.2d 517 (Pa.Cmwlth.1998).

8. It states that "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a).

9. We do not believe that Pa. R.A.P. 302(a) requires a litigant to make identical arguments at each stage of his case. The issue

must be preserved, but this does not mean every argument is written in stone at the initial stage of litigation. *Doe Spun, Inc. v. Morgan,* 93 Pa.Cmwlth. 447, 502 A.2d 287 (1985) (permitting appellants to add an additional citation to their argument that they did not raise before the trial court because they raised they issue generally); *In re King's Estate,* 183 Pa.Super. 190, 130 A.2d 245 (1957) (noting that the Court may affirm a decree for reasons which were not raised before or reasons not raised on appeal). Thus, logic dictates that an appellant can raise new arguments so long as they relate to the same issue. Here, Licensee raises ARD, extrapolation evidence and successive suspensions, as new reasons to support his privileges and immunities claim.

10. PennDOT's alternate waiver argument is that ARD, extrapolation evidence and consecutive suspension are points not fairly included in his constitutional issue of privileges and immunities, and, thus, waived under Pa. R.A.P. 2116(a). We disagree. Again, issues, not reasoning, are to be preserved.

11. PennDOT's suspension was imposed pursuant to 75 Pa.C.S. §§ 1581, 1532(b)(3).

New Jersey.[12] PennDOT Brief, 12. We agree.

Licensee's suspension was based upon PennDOT's receipt of a report of Licensee's conviction in New Jersey, not a report of whatever penalty he received as a result of that conviction. This is clear from the applicable statute at 75 Pa.C.S. § 1532(b)(3)[13] and from cases specific to New Jersey convictions. *See, e.g., Dennery v. Department of Transportation, Bureau of Driver Licensing,* 791 A.2d 1279 (Pa.Cmwlth.2002); *Bergen v. Department of Transportation, Bureau of Driver Licensing,* 785 A.2d 157 (Pa.Cmwlth.2001).

In sum, Licensee may advance his privileges and immunities claim with reference to ARD and to extrapolation evidence. These are matters of statutory and decisional law, not evidence. In contrast, Licensee's claim of consecutive sentences, lacks any foundation in the record, and it is, therefore, waived.

**Privileges and Immunities Clause**

 The Privileges and Immunities Clause of Article IV, Section 2[14] of the Constitution of the United States prevents discrimination by states against nonresidents, and the Privileges and Immunities Clause of the Fourteenth Amendment[15] protects the attributes of United States citizenship, including, as asserted here, the fundamental right to travel. Both clauses prevent the creation of statutory classifications based upon the fact of non-citizenship unless it can be shown that non-citizens constitute a particular source of evil at which the statute is aimed. *Toomer v. Witsell,* 334 U.S. 385, 398, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948).

The purpose of Article IV, § 2 of the United States Constitution was to fuse into a nation a collection of independent sovereign States to "insure to a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy." *Toomer,* 334 U.S. at 395, 68 S.Ct. 1156. The Compact does not impose penalties[16] for DUI convictions on the basis of state citizenship. All Pennsylvania drivers must undergo a one-year suspension of

---

**12.** In *Pepperling v. Department of Transportation, Bureau of Driver Licensing,* 737 A.2d 310 (Pa.Cmwlth.1999) we held that PennDOT was not required to run its suspension of the licensee's operating privilege concurrently with the suspension imposed by the State of South Carolina.

**13.** It states, in relevant part, that
[t]he department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's *conviction* of section 3731 (relating to driving under influence of alcohol or controlled substance) or ... substantially similar offenses reported to the department under Article III of Section 1581 (relating to Driver's License Compact)....
75 Pa.C.S. § 1532(b)(3).

**14.** It states:
The Citizens of each State shall be entitled to all the Privileges and Immunities of Citizens in the several States.
U.S. CONST. art. IV, § 2.

**15.** The Fourteenth Amendment provides in relevant part as follows:
All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. CONST. amend. XIV, § 1.

**16.** PennDOT notes, correctly, that a suspension is not a penalty but is considered a remedial action. *Krall v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 63, 66 (Pa.Cmwlth.1996).

their Pennsylvania operating privilege after a DUI conviction, and this is true for a conviction that occurs in any state participating in the Compact. Similarly, the New Jersey DWI Law does not establish citizenship-based categories. All persons convicted of DWI in New Jersey are subject to the same sanctions regardless of their citizenship. In short, the Compact "enforces, without discrimination, the same rule . . . and the contention in respect of the privileges and immunities must be rejected as without substance." *Whitfield v. Ohio*, 297 U.S. 431, 437, 56 S.Ct. 532, 80 L.Ed. 778 (1936). Because Licensee has failed to show the predicate for an Article IV, § 2 privileges and immunities claim, namely disparate treatment either by Pennsylvania or by New Jersey on the basis of citizenship, his claim is "without substance." *Id.*

■ To accept Licensee's contention would require every state that has joined the Compact to follow Pennsylvania's lead: availability of ARD and extrapolation evidence would have to be uniform features of each state's DUI statutory scheme. Such a proposition does violence to state sovereignty [17] and to our system of federalism.[18] State laws regarding the operation of motor vehicles do not need to be identical in order to survive a privileges and immunities challenge. States may each pursue different policies, and an individual state is free to adopt different policies at different times. The only limitation is that the policy impact the state's own citizens in the same way it impacts the citizens of other states. *State of Missouri ex rel. Southern Ry. Co. v. Mayfield*, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950).

■ Licensee also claims that the unavailability of ARD and extrapolation evidence in New Jersey has affected his fundamental right to travel freely to that State. The "constitutional right to travel" from one State to another is a right encompassed by both Article IV, § 2 and the Fourteenth Amendment to the United States Constitution. *Saenz v. Roe*, 526 U.S. 489, 501–503, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999). It is a right so important that it is "assertable against private interference as well as governmental action . . . a virtually unconditional personal right, guaranteed by the Constitution to us all." *Id.* at 498, 119 S.Ct. 1518 (citations omitted). Again, however, Licensee's contentions lack any substance.

■ The right to travel embraces at least three different components: 1) the right of a citizen of one State to enter and leave another State, 2) the right to be treated as a welcome visitor rather than an unfriendly alien, and 3) the right to be treated like citizens of that State. *Saenz*, 526 U.S. at 500, 119 S.Ct. 1518. The first

---

**17.** In *McCafferty*, 563 Pa. at 156, 758 A.2d at 1161, our Supreme Court noted that the Commonwealth "has a compelling interest in protecting our citizens, and even the citizens of our sister states, from the dangers posed by Pennsylvania-licensed intoxicated drivers." It also noted that a Pennsylvania licensee that drives under the influence of alcohol, violates the sovereignty of Pennsylvania.

**18.** It has been noted that

Article IV, § 2 of, and the Fourteenth Amendment to, the Federal Constitution, do not abridge the right of self-protection inherent in a state and reserved when the Federal Constitution was adopted. The privileges and immunities of federal citizenship have never been held to prevent governmental authority from placing such restraints upon the conduct or property of citizens as are necessary for the general good, and such provisions do not interfere with the power of the state to protect the lives, liberty and property of its citizens and to promote their health, morals, education, and good order.

16A Am.Jur.2d *Constitutional Law* § 360 (2002).

two components of protected travel derive from Article IV, § 2, and the third component derives from the Fourteenth Amendment. *Saenz,* 526 U.S. at 500–503, 119 S.Ct. 1518.

Licensee makes the bald assertion that he was treated more harshly than New Jersey drivers that were charged and convicted of DWI in New Jersey. This would implicate the third component, *i.e.,* the right to be treated like New Jersey citizens, which is protected by the Fourteenth Amendment. However, the record is devoid of any support for this proposition, and it cannot be supported by a review of the New Jersey DWI law. Even if it were true, then Licensee has appeared in the wrong court; this Court lacks jurisdiction to pass judgment on whether a New Jersey statute violates the Fourteenth Amendment.

With respect to the other components of his constitutional right to travel, *i.e.,* the right to travel freely to New Jersey and be treated as a "welcome visitor" there, Licensee cannot muster any supporting assertions, bald or otherwise. We agree with PennDOT's observation that the right to travel does not include the right to be excused from another state's highway laws.

■ Licensee describes his claim as one about the right to travel, but it reads more as an equal protection claim. Licensee's real argument is that the lack of ARD and the inability to introduce extrapolation evidence in New Jersey means that "Pennsylvania licensed drivers who are either *arrested for* or *are convicted* of DWI in New Jersey are punished more severely than those who drive in New Jersey with New Jersey licenses,[19] and are punished more severely than those who are *arrested for* DWI in Pennsylvania with Pennsylvania licenses." Licensee's Brief, p. 18 (emphasis in original). In other words, he claims disparate treatment of Pennsylvanians, an equal protection claim that has been addressed, and firmly rejected, by our Supreme Court. It held as follows:

> [T]he Compact does not create *any* suspect classifications, either facially or through its enforcement, that would implicate the Equal Protection Clause. The statute accords identical treatment to all Pennsylvania licensees convicted of DUI, whether in Pennsylvania or in another state, by treating the conduct that results in an out-of-state DUI conviction as if it was conduct that occurred in Pennsylvania. The statute simply does not single out any group of Pennsylvania licensees for disparate treatment.

*McCafferty,* 563 Pa. at 159–160, 758 A.2d at 1162 (citations omitted) (emphasis in original).

Whether presented as an infringement on his fundamental right to travel or as disparate treatment of Pennsylvania drivers convicted of driving under the influence, Licensee's privileges and immunities claim fails for lack of any support in the record or in the applicable statutory law.

### Pennsylvania Constitution

■ Finally, we address Licensee's claim under Article I, Sections 1 [20] and

---

**19.** As noted, there is no support for this claim.

**20.** It states:
All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.
Pa. Const. art. I, § 1.

13 [21] of the Pennsylvania Constitution. Article I, Section 1 protects the inherent rights of mankind, and Article I, Section 13 prohibits the imposition of an "inordinately harsh sanction" and "an unconstitutionally cruel and unusual punishment." *Carr v. Commonwealth, State Board of Pharmacy,* 48 Pa.Cmwlth. 330, 409 A.2d 941, 944 (1980). Licensee does not show how the Compact affects these rights. In effect, Licensee invites our speculation on the legislative public policy decisions evinced in the Compact, an invitation we decline.

 First, judicial speculation on the harshness, consistency or social desirability of the statutory scheme set forth in the Compact is not appropriate. *Commonwealth v. Bursick,* 526 Pa. 6, 16, 584 A.2d 291, 296 (1990). Second, the suspension of the operating privileges of one convicted of driving under the influence of alcohol or drugs is remedial, not punitive, in nature. *Fleetwood v. Com., Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 1342, 1344 (Pa.Cmwlth. 1996). Third, the suspension of an operating privilege is a legitimate exercise of the police power designed to improve highway safety. *Commonwealth v. Jenner,* 545 Pa. 445, 458, 681 A.2d 1266, 1273 (1996).

 Finally, and, more to the point, Licensee presents his claims under the Pennsylvania Constitution in a conclusory fashion, as a footnote to his various federal constitutional arguments. A mere claim of unconstitutionality, without more, can-

not be addressed. Licensee has simply failed to explain to the Court, as required by Pa. R.A.P. 2119(a),[22] how the Compact infringes upon the individual rights guaranteed by Article I of the Pennsylvania Constitution. *See Bruce L. Rothrock Charitable Foundation v. Zoning Hearing Board of Whitehall Township,* 651 A.2d 587, n. 9 (Pa.Cmwlth.1994). We do not consider the Article I claims of Licensee because they have not been presented adequately to the Court.

### Conclusion

For all of the above-stated reasons, the order of the trial court is affirmed.

Judge SMITH–RIBNER concurs in the result only.

### ORDER

AND NOW, this 14th day of April, 2003, the order of the Court of Common Pleas of Bucks County, dated June 6, 2002 in the above-captioned matter is hereby affirmed.

**21.** It states:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted.

Pa. Const. art. I, § 13.

**22.** It states:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part in distinctive type or in type distinctively displayed the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa. R.A.P. 2119(a).