# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Regester, President Regester's :
Heating and Air Conditioning, LLC, :
      Petitioner :
          :
    v. : No. 2344 C.D. 2015
          : Submitted: August 12, 2016
Department of Military :
and Veterans Affairs, :
      Respondent :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
      HONORABALE JULIA K. HEARTHWAY, Judge
      HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**       **FILED: October 31, 2016**

    Petitioner Michael Regester, President of Regester's Heating and Air Conditioning, LLC (Regester), petitions for review of an order of the Department of Military and Veterans Affairs (Department). The Department denied Regester's bid protest, which challenged the award of a bid by the Department to another bidder, B&W, Inc., for heating, ventilation, and air conditioning services at Ft. Indiantown Gap. We affirm the Department's order.

    On or about August 21, 2015, the Department issued a request to advertise solicitation (invitation to bid (ITB)) for the provision of "[o]n-[c]all HVAC services to various buildings at Fort Indiantown Gap." (Reproduced Record (R.R.) at 3a-116a.) Regester and B&W submitted the only responses. Following the submissions of bids, the Department awarded the contract to B&W.

On or about September 11, 2015, Regester filed a bid protest, asserting that B&W's bid was nonresponsive to the ITB based upon a requirement in the ITB that "[t]he contractor will be *certified* in Siemens LMV 53 boiler systems and will have minimum of (3) *three years working experience* with listed equipment." (R.R. at 191a; emphasis added.) In responding to the award of the bid to B&W, Regester contended, B&W did not establish that it was certified with regard to the maintenance of Siemens LMV 53 boilers. Instead, Regester asserted, B&W was proposing to use a subcontractor, Mountainside Heating, which in turn, he claimed, intended to use Jeffrey and Jesse Howell (Mountainside Heating's apparent owners) to perform such service. (R.R. at 187a.)

Regester complained that the ITB does not permit a successful bidder to satisfy the certification requirement by using a subcontractor. (R.R. at 187a.), In fact, Regester asserted, the ITB provides that "[t]he contractor will directly perform all work for the . . . On-Call HVAC service contract" and that "[s]ubcontracting will not be authorized." (R.R. at 192a.) Regester asserted that he has two Siemens LMV 53 boiler-certified employees. (R.R. at 188a.) Additionally, Regester recommended that the Department, in reviewing his claims, request that the Howells or that B&W submit payroll documents to confirm that the Howells are employees rather than subcontractors. In response to Regester's protest, the Department's Chief Procurement Officer sent a letter to Regester indicating that "the Adjutant General, or his designee" would review the protest and issue a written determination addressing the protest. (R.R. at 199a.)

In a September 30, 2015 determination, the Department's Chief Procurement Officer issued a response to Regester's bid protest. First, the Chief Procurement Officer rejected Regester's claim that B&W's bid was nonresponsive

2

based upon the alleged lack of employee certification in the subject boiler system, stating that B&W demonstrated it had the capability to perform the contract requirements in accordance with Section 517 of the Commonwealth Procurement Code (Procurement Code).[1]  By way of explanation, the Chief Procurement Officer stated

> As part of its due diligence in determining responsibility to award [the contract], [the Department] reviewed the submittals included with each bid.  B&W included certificates reflecting certification on the Siemens LVM 53 Boiler System in the names of Jeffrey L. Howell and Jesse J. Howell.  This submission meets the requirements of the bid.

(R.R. at 202a-203a.)  With regard to Regester's complaint that the ITB prohibits the use of subcontractors, the Chief Procurement Officer concluded that Regester had made that claim without providing any evidence or information to substantiate the assertion.  Additionally, the Chief Procurement Officer indicated that she saw no basis for providing a hearing, noting that she had the discretion to decide whether to conduct a hearing and that Regester did not "assert any material facts that are in dispute that would require a hearing and . . . does not identify any evidence that it must present in a hearing."  (R.R. at 203a.)

Regester disputed the Chief Procurement Officer's conclusions.  (R.R. at 208a-209a.)  In response to Regester's objections, B&W indicated that the Howells are employees.  Regester then questioned whether B&W had hired the Howells *before* B&W submitted its bid.  Regester also suggested that the Howells as owners of Mountainside Heating could not also be B&W's employees.

---

[1] 62 Pa. C.S. §§ 101-1913.

On or about November 13, 2015, Dee McPherson, the Department's Deputy Secretary, issued a final determination. In that determination, the Deputy Secretary acknowledged that the Howells were not employees of B&W at the time B&W submitted the bid, but were certified to perform the Siemens boiler system work and that they are now B&W employees. The Deputy Secretary concluded that it was not necessary for the Howells to be employees of B&W at the time of bid submission and that B&W had hired the Howells as employees following the award of the bid. Based upon that conclusion, the Deputy Secretary determined that B&W's bid was responsive to the ITB and that the designation of the Howells in the bid did not violate the ITB's prohibition against the use of subcontractors.

Regester petitioned for review with this Court,[2] raising the following issues: (1) whether the Department failed to abide by the terms of the ITB by accepting the bid of a company that had neither three years of working experience, nor—on the bid submission date—individuals working for it who were certified to service the subject boiler system; and (2) whether the Department erred in refusing to hold a hearing, based upon Regester's claim that evidence is conflicting.

The general thrust of Regester's claim is that the Department did not award the contract to a "responsible bidder" under the Procurement Code. Section 103 of the Procurement Code[3] defines the term "responsible bidder" as

---

[2] As indicated by Section 1711.1(i) of the Procurement Code, 62 Pa. C.S. § 1711.1(i), our review is limited to a review of "the record of determination certified by the purchasing agency. The Court shall affirm the determination . . . unless it finds from the record that the determination is arbitrary and capricious, an abuse of discretion or is contrary to the law." Section 1711.1(l) of the Procurement Code, 62 Pa. C.S. § 1711.1(l) provides that the "provisions of 2 Pa. C.S. (relating to administrative law and procedure) shall not apply to this section."

[3] 62 Pa. C.S. § 103.

A bidder that has submitted a responsive bid and that possesses the capability to fully perform the contract requirements in all respects and the integrity and reliability to assure good faith performance.

Section 103 of the Procurement Code also defines the term "responsive bid" as "[a] bid which conforms in all material respects to the requirements and criteria in the invitation for bids."

Regester contends that B&W was not a responsible bidder and that the Department failed to abide by the terms of the ITB by accepting a bid that did not comply with the ITB based upon: (1) B&W's alleged lack of three years' experience with the Siemens boiler systems for which maintenance service was sought; and (2) B&W's lack of employees properly certified for the boiler system service at the time B&W submitted the bid. Regester contends that, even if the Department was correct in reasoning that B&W's bid complied with the ITB by having certified employees on the payroll before B&W signed the contract with the Department, B&W did not demonstrate that the certified employees have three years of experience. Regester complains also that the designation of the Howells for the purpose of complying with the certification requirement violated the provision in the ITB prohibiting the use of subcontractors.

In response to these arguments, the Department first contends that Regester waived the *argument* that B&W does not have three years' experience because he did not raise this argument before the Deputy Secretary before the Department's final determination was issued. In considering whether a party has preserved or waived consideration of the three-years' experience question, we note our comments in *Arnold v. Workers' Compensation Appeal Board (Lacour Painting, Inc.)*, 110 A.3d 1063 (Pa. Cmwlth. 2015):

5

> We may not consider an issue on appeal unless it has been preserved at every stage of a proceeding below. Pa. R.A.P. 1551(a); *GMS Mine Repair & Maintenance, Inc. v. Workers' Compensation Appeal Board (Way)*, 29 A.3d 1193, 1197 (Pa. Cmwlth. 2011). However, the question here is not whether Claimant raised a completely new issue on appeal—there is no dispute that Claimant sought specific loss benefits before the WCJ and the Board—but rather whether Claimant's specific loss claim has transformed into something fundamentally different on appeal. Our courts permit a litigant to make new *arguments* on appeal in support of a preserved issue, *Wert v. Department of Transportation, Bureau of Driver Licensing*, 821 A.2d 182, 186 n.9 (Pa. Cmwlth. 2003); *Doe-spun, Inc. v. Morgan*, 502 A.2d 287, 289 (Pa. Cmwlth. 1985), but do not permit a party to advance an entirely new and different theory of relief for the first time on appeal. *Foster v. Mutual Fire, Marine and Inland Insurance Co.*, 676 A.2d 652, 658 (Pa. 1996); *Fatzinger v. City of Allentown*, 591 A.2d 369, 371 (Pa. Cmwlth. 1991).

*Arnold*, 110 A.3d at 1071 (emphasis in original). "[L]ogic dictates that an appellant can raise new arguments so long as they relate to the same issue." *Wert*, 821 A.2d at 186 n.9. The primary question here appears to be whether B&W is not a responsive bidder based upon Regester's claim that the bid proposal is not a responsive bid. One aspect of that claim relates to Regester's initial assertion that B&W did not have certified employees at the time it submitted its bid. Later, in his appeal to this Court, Regester asserted that B&W is not a responsive bidder also because it allegedly does not have three years' experience. Although these two alleged claims appear to relate to the general issue of bid responsiveness, the latter claim is also a new theory of relief, because Regester raised it for the first time on appeal and also because, as a consequence of Regester not identifying the potential claim earlier, the record does not appear to contain any factual information that would provide insight into the resolution of that claim.

In this matter, Regester, at the agency level, never sought to challenge B&W's indication in its bid that it satisfied the three-year-experience requirement, and the Department did not exercise its discretion to conduct an evidentiary hearing. The Deputy Secretary communicated with the parties for the purpose of addressing Regester's primary complaint at the agency level—that B&W was required to have actual certified employees on its staff (rather than a subcontractor) at the time it submitted its bid. Thus, at the time the Deputy Secretary was considering Regester's challenge from the initial decision of the Chief Procurement Officer, she could also have engaged in an investigation regarding the requirement that the successful bidder have three years of experience, but did not do so apparently because of Regester's failure to communicate that objection. Thus, Regester's failure to assert the claim at that time divested the Deputy Secretary of the opportunity to request the parties to address that requirement and to consider whether facts might support Regester's claim.[4]

We also note the language of the Procurement Code relating to the content of bid protests:

> (c) Content of protest.—A protest shall state all grounds upon which the protestant asserts that the solicitation or award of the contract was improper . . . .

62 Pa. C.S. § 1711.1(c). This language suggests that a disappointed bidder must provide to the contracting agency any and all *grounds* for challenging the award of a bid. In this case, the claim by Regester that B&W does not satisfy the

___

[4] The Department notes that B&W provided HVAC services under contract from June 2005 through June 2010 and suggests that evidence of this experience would have been offered if Regester had raised this factual issue during the bid protest proceedings. (Department Brief at 9.)

three-years' experience requirement constitutes a ground upon which Regester is claiming that the contract award was improper. Consequently, based upon waiver principles and the statutory language of the Procurement Code, we conclude that Regester failed to preserve the claim that B&W does not satisfy the three-years' experience requirement in the ITB.

We proceed now to consider whether the Department erred in awarding the contract to B&W when it appears that B&W did not hire the Howells until after the Department awarded the contract to B&W. Section 1711.1 of the Commonwealth Procurement Code, 62 Pa. C.S. § 1711.1, provides, in pertinent part:

> (a) Right to protest.—A bidder . . . that is aggrieved in connection with the solicitation or award of a contract . . . may protest to the head of the purchasing agency in writing.
>
> . . .
>
> (e) Evaluation of protest.—The head of the purchasing agency or his designee shall review the protest and any response or reply and may request and review such additional documents or information he deems necessary to render a decision and may, at his sole discretion, conduct a hearing . . . .
>
> . . .
>
> (h) Record of determination.—The record of determination for review by the court shall consist of the solicitation or award; the contract, if any; the protest; any response or reply; and additional documents or information considered by the head of the purchasing agency or his designee; the hearing transcript and exhibits, if any; and the final determination.

First, we note that the actual language of the ITB uses the future tense in referring to the service qualifications: "The contractor will be certified . . . ." The use of the future tense suggests that the drafter of ITB anticipated that a

8

responsive bid and/or responsible bidder was not required to demonstrate satisfaction of the certification requirement at the time of bid submission. Rather, it is reasonable to interpret the language as requiring the selected contractor to have certified employees either at the time the contract was signed or by the time the service begins. Such an interpretation is reasonable in light of the pragmatic realities of contract bidding and awards, as it may not be reasonable to expect a contractor to commit to hiring new employees or obtain expensive new equipment when uncertainty exists regarding whether an agency will award a contract to a bidder.

Finally, with regard to Regester's complaint that the Deputy Secretary did not conduct a hearing, we note that the decision to hold a hearing is one that rests in the sole discretion of the Deputy Secretary. Section 1711.1(e) of the Procurement Code, 62 Pa. C.S. §1711.1(e). Regester's primary claim regarding the factual record relates to the timing of B&W's hiring of the Howells. As we held above, however, we find no merit to the claim that B&W was required to have certified employees at the time of the bid. Consequently, we conclude that no hearing was necessary in order for the Deputy Secretary to issue a final determination.

Accordingly, we affirm the Department's order rejecting Regester's bid protest.

_____
P. KEVIN BROBSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Regester, President Regester's :
Heating and Air Conditioning, LLC, :
                    Petitioner :
                          :
           v. : No. 2344 C.D. 2015
                          :
Department of Military :
and Veterans Affairs, :
                 Respondent :

# O R D E R

AND NOW, this 31st day of October, 2016, the order of the Department of Military and Veterans Affairs is AFFIRMED.

---

P. KEVIN BROBSON, Judge