Funke *v.* Paist et ux., Appellants.

Argued April 17, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry F. Hauser,* with him *Lloyd H. Wood* and *Wood, Hauser & DiJoseph,* for appellants.

*D. Stewart McElhone,* with him *Edward B. Duffy,* for appellee.

PER CURIAM, May 7, 1947:

This case originated in a bill in equity for specific performance of an agreement to sell real estate. The bill was brought by the purchaser. On January 13, 1945, the defendants, husband and wife, entered into a written agreement to sell their home in Hatboro, Pennsylvania, to the plaintiff, who is a dentist. The plaintiff desired to use the entire first floor of the residence building as a dental office and to lease the second floor as an apartment. The dental offices would consist of two operating rooms, ten feet by ten feet each; one waiting room and office, twelve feet by fifteen feet. The home of the defendants is, under the Hatboro Zoning Ordinance, located in a Class "A" residence district, which by section 501 limited accessory professional use to a space of twenty feet by twenty feet. Plaintiff had been denied permission by the zoning authorities to erect a building for dental offices across the street from defendants' home.

The written agreement of sale provided, inter alia, for settlement within ninety days and that it was contingent upon obtaining the approval of the Zoning Board so that the dwelling house could be used as a dental office and residence. The defendants, knowing that no public notice of a hearing before the Zoning Board on plaintiff's application for a variance or exception authorizing his proposed use had been given during the eighty-eight days since the signing of the contract, concluded the plaintiff had decided not to perform the contract. On the eighty-ninth day, the agents notified the defendants that settlement under the contract had been fixed for the following and last day, to wit, April 13, 1945.

Defendants declined to perform the contract on the ground that the approval of the Zoning Board had not been obtained as required by their contract. Defendants were then informed that on January 25, 1945, the real estate agents had written a letter to the Secretary of the Zoning Board of Adjustment of the Borough of Hatboro, requesting an opinion as to whether or not the plaintiff was correct in his interpretation of the zoning ordinance that it permitted his use of defendants' home for dental offices when he did not intend to reside there. Defendants were also then informed that by letter dated February 28, 1945, the Secretary of the Zoning Board replied to the agents to the effect that on the single point of inquiry, no approval by the Zoning Board was required by the Zoning Ordinance. No approval having been obtained from the Zoning Board, the defendants refused to make settlement.

The court below, after hearing and after argument on the exceptions to the decree nisi, ordered the defendants to perform their contract. Judge DANNEHOWER in his adjudication as Chancellor aptly said: "In this case, it is difficult to see how the plaintiff could have gone farther in attempting to perform his part of the agreement, even should the clause in question be considered a condition precedent. The letter to the Zoning Board of Adjustment made a full disclosure of his intended future use of the premises, and the reply received was definitely to the effect that no formal approval would be required. It would be unreasonable to expect a person in his position, having received such assurance from official sources in the form of a letter, to make subsequent formal application for an exception or a variance, when nothing of value could be accomplished thereby.

"Further, it seems clear that the contingency clause was included in the agreement of sale solely at the suggestion and for the benefit and protection of the plaintiff, who had had a previous experience with a lot in the

same vicinity, and upon which he had been denied permission to erect a one-story office building. It was only natural that he did not desire to bind himself to purchase a property of which he could make no use. On the other hand, it is difficult to see of what use or benefit such a provision could possibly be to the defendants, the sellers. Once they sold their property, their interest in its use would naturally terminate. The only reason advanced now is that it would afford neighboring property owners' an opportunity to object to the use plaintiff intended making of the property. This appears to be more of an afterthought in defense, rather than a reason for relying on the clause at the time the agreement was signed. Consequently, we cannot agree that the clause was included for the mutual benefit of both vendors and vendee".

The following conclusions of law were justified: (1) Defendants have improperly refused to perform their agreement of January 13, 1945, fully set forth as Exhibit A and attached to the amended bill; (2) Plaintiff is entitled to a decree of specific performance in his favor.

The decree requiring of the defendants specific performance of the contract dated, January 13, 1945, is affirmed; appellants to pay the costs.