Hollander et al. *v.* Friedman, Appellant.

Submitted May 26, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carmen V. Marinaro* and *Edward Friedman*, for appellant.

*Lee C. McCandless*, for appellees.

OPINION BY MR. JUSTICE JONES, July 6, 1948:

This is an appeal from a judgment entered on a directed verdict in an interpleader proceeding. The action was initiated by an escrow agent, named in a contract between the plaintiffs and the defendant, in order to have duly adjudicated the party entitled to the escrow deposit, the contract not having been performed.

The contract consisted of a letter dated July 3, 1946, from Jacob Friedman, the defendant, addressed to Harry and Stanley Hollander, the plaintiffs. It contained Friedman's offer to sell his "entire packing plant known as the Butler Packing Company, . . . including approximately two acres of real estate, and all equipment . . . for the sum and price of $50,000.00." The letter further specified the terms of payment, warranted title to the property "free and clear of all encumbrances" and required, as a condition of the addressees' acceptance of the offer, their deposit of $10,000 in escrow with a local attorney at law as security for their compliance with the terms of the offer. The letter contained a further important clause which we shall set forth hereinafter. The offer was accepted by the Hollanders on the same date by their subscribing a written acceptance endorsed on the letter under Friedman's signature; and immediately thereupon the escrow agent subscribed, under the Hollanders' acceptance, a written acknowledgment of his receipt from one of the Hollanders of $10,000 to be held by him in escrow as provided in Friedman's letter.

The clause of the contract which gives rise to the present controversy reads as follows: "Your [Holland-

er's] acceptance of this offer is contingent on my [Friedman's] ability to produce assurance to you, within thirty days from this date, that a permit from the [Federal] Bureau of Animal Industry for the slaughtering of beef, lamb and veal can be produced by making the needed requirements which shall not be in excess of $5,000.00 to you."

At the expiration of the prescribed thirty-day period and continuously thereafter, Friedman failed to produce the stipulated assurance as to the possible issuance by the Bureau of Animal Industry of the requisite permit in favor of the Hollanders. The latter, claiming that the defendant had thereby breached the contract, demanded a return of the escrow deposit. On the other hand, Friedman asserted that the permit could be obtained by making repairs in excess of $5,000 and that, inasmuch as he would accept liability for the excess expenditures, the prospective issuance of the permit was assured.

Upon trial, the court received parol evidence with respect to the knowledge of the parties concerning the relevant permit situation at the time they entered into the contract and also admitted in evidence testimony with respect to the efforts made by the defendant to obtain from the Bureau of Animal Industry assurance of the issuance of the necessary permit. At the conclusion of the trial, the court ruled that the "defendant did not comply with the terms of the contract" and thereupon directed a verdict in favor of the plaintiffs and against the defendant for the amount of the escrow deposit. On the verdict so returned by the jury, judgment was entered and the defendant appealed.

The appellant contends (1) that his willingness to accept liability for all governmentally required repairs in excess of $5,000, requisite to the issuance of a permit, was tantamount to his producing assurance of the issuance of such a permit, (2) that the trial judge erred in admitting parol testimony as to the knowledge of the

parties with respect to the crucial importance of the permit at the time of the making of the contract and (3) that the judgment against the defendant instead of the fund in escrow was error. None of these contentions can be accepted.

As the learned court below held, the obligation resting upon the defendant in the premises was that he would produce assurance from the Bureau of Animal Industry that the desired Federal permit would issue in favor of the purchasers upon the completion of repairs to be made at a cost to the latter not to exceed $5,000. That the defendant so apprehended his responsibility is confirmed by his own prompt but unavailing efforts to obtain the requisite assurance. His conduct was confirmatory of the true intent and meaning of the contract. See *Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre*, 356 Pa. 226, 232-233, 51 A. 2d 719; *United States National Bank in Johnstown v. Campbell*, 354 Pa. 483, 489, 47 A. 2d 697; *Monongahela Street Railway Co. v. Philadelphia Company*, 350 Pa. 603, 618-619, 39 A. 2d 909; Restatement, Contracts, Sec. 235 (e) ; Williston on Contracts, Revised Ed., Vol. 3, Sec. 623, pp. 1792-1795.

The admission of the parol evidence was not error. It was not received either to contradict or vary the terms of the written agreement. Its purpose was merely to show the common knowledge of the parties with respect to the essentiality of the permit at the time their negotiations became integrated in the writings. See *Chaplin v. Griffin*, 252 Pa. 271, at 280-281, 97 A. 409; also Restatement, Contracts, Sec. 238(a). Both parties knew that the Federal permit was necessary before the plaintiffs could ship their product from one state to another, and both parties knew that it was the plaintiffs' intention to ship the entire product of the plant, when under their operation and management, to a destination outside of Pennsylvania. In substantial effect, the parol evidence but confirmed what all of the parties concede.

There is no merit in appellant's remaining contention. Ordinarily, the judgment or decree upon an interpleader should touch the particular fund or property which is the subject-matter of the litigation by ordering it to be turned over to the successful claimant rather than by entering a money judgment against the unsuccessful claimant: see, generally, 48 Corpus Juris Secundum § 47, p. 100; and, particularly, Rules 2315 and 2316 of the Rules of Civil Procedure and the cognate commentaries in Goodrich-Amram Procedural Rules Service. However, there is no present occasion to change the form of the judgment entered below. No special harm can come to the defendant. The escrow agent has the money in hand and is ready, willing and able to account therefor; and, when that is done, the interpleader judgment will be satisfied.

The judgment is affirmed at the appellant's costs.