King, Appellant, *v.* Clark.

Argued September 28, 1956. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT and GUNTHER, JJ., absent).

*A. Leon Higginbotham, Jr.,* with him *Norris, Schmidt, Green, Harris & Higginbotham,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., March 20, 1957:

Bertha L. King, administratrix of the estate of George D. King, deceased, appealed from the dismissal of her complaint in equity to recover a deposit of $800 paid to defendant, Alexander Clark, pursuant to a written agreement to purchase real estate. She also asked punitive damages and sought to enjoin defendant from conveying, mortgaging, or encumbering the premises until her action had been adjudicated.

The complaint was filed November 16, 1954. Defendant preliminarily objected on the ground that there was an adequate remedy at law for the recovery of the deposit. The objection apparently was overruled. After a hearing before the chancellor, the parties submitted their requests for findings of fact and conclusions of law; defendant again questioned the jurisdiction of the court. However, the chancellor retained jurisdiction of the case and filed an adjudication dismissing the complaint on the merits. Plaintiff's exceptions thereto were dismissed by the court in banc, which affirmed

the chancellor's findings and conclusions and entered a final decree from which this appeal is taken.

It is obvious from the complaint and the subsequent proceedings that this case should have been certified to the law side of the court after objection by defendant. It is actually a suit for the recovery of the deposit by a money judgment; the equitable relief requested is at most subordinate and incidental. See Act of June 16, 1836, P. L. 784, §13 (VI), 17 PS §282 (VI); *Beato v. DiPilato,* 175 Pa. Superior Ct. 602, 106 A. 2d 641. Appellant did not proceed for specific performance (see *Funke v. Paist,* 356 Pa. 594, 52 A. 2d 655) or for rescission of the contract because of any fraud, accident, or mistake. There is in the complaint this averment: "12. Defendant is attempting to sell the property in issue and thereby dissipate his assets to prevent plaintiffs from recovering the funds in issue." In itself this is not ground for equitable jurisdiction. The purported insolvency of defendant does not give equity jurisdiction (*Heilman v. The Union Canal Company,* 37 Pa. 100, 104) unless, of course, the action comes within the provisions of the Uniform Fraudulent Conveyance Act (Act of May 21, 1921, P. L. 1045, No. 379, §§1, 10, 39 PS §§351, 360). But the allegation in the present complaint is general, vague, and factually insufficient to bring this case within the provisions of the latter act. Moreover, appellant offered no testimony on this matter at the hearing. While it is true that equity will retain jurisdiction for all purposes when it has assumed it for one or more purposes, "this rule does not extend to a case where only some incidental matter is of equitable cognizance, and thereby enable the court to draw in a main subject of controversy which has a distinct and appropriate legal remedy of its own." *Graeff v. Felix,* 200 Pa. 137, 140, 49

A. 758, 759. See, also, *Siranovich v. Butkovich,* 359 Pa. 134, 136, 58 A. 2d 461; *Barth v. Gorson,* 383 Pa. 611, 616, 119 A. 2d 309. If appellant had pleaded her action within the Uniform Fraudulent Conveyance Act and presented proper proof, the chancellor could have given a money judgment in addition to the appropriate equitable relief. The equitable relief sought was at most incidental to the recovery of the deposit. When it became clear to the chancellor, upon the repeated objection of defendant, that the nature of this action was simply to recover the deposit, it was his duty to certify the case to the law side of the court. *Scott v. Scott,* 381 Pa. 198, 199, 113 A. 2d 217; Pa. R. C. P. No. 1509 (c). See, also, *Costa v. Pittsburgh,* 177 Pa. Superior Ct. 380, 383, 384, 110 A. 2d 884. Naturally defendant has not appealed from the ruling sustaining the jurisdiction of equity for the obvious reason that the ultimate decision was in his favor; the only questions properly before us are those relating to the merits which have been raised by appellant. The chancellor's action in sustaining the jurisdiction of equity is conclusive under the circumstances, and there will be no remand now. *Smith v. McClure,* 257 Pa. 168, 172, 101 A. 347; *Kaufmann v. Kaufmann,* 166 Pa. Superior Ct. 6, 10, 70 A. 2d 481. We have discussed jurisdiction only to preclude any inference that a court of equity may be used to recover a money judgment upon the blanket allegation of the insolvency of the defendant.

We will consider the questions raised by the appellant-administratrix[1] after a brief summary of the facts. Appellant does not attack the findings of fact as made by the chancellor; she merely questions their effect and

---

[1] Although the action was brought by Bertha L. King in her own right and as administratrix, she took this one appeal in the latter capacity.

interpretation in two respects. We have examined the record and it is our conclusion that the findings of fact are supported thereby. As the findings were af-firmed by the court in banc, they are binding on appeal. *Pappas v. Klutinoty*, 383 Pa. 184, 187, 118 A. 2d 202. The findings of fact indicate that on August 14, 1954, George D. King and Bertha L. King, husband and wife, entered into an agreement of sale with defendant for the purchase of the latter's premises located in Philadelphia. A deposit of $800 was paid on the purchase price of $8,500. The balance of $7,700 was to be paid in cash at settlement. Settlement was to be made on or before November 12, 1954, and time was made of the essence of the agreement. The parties agreed that upon a default by the buyers the sums paid on account were to be retained by the defendant, either on account of the purchase price or as liquidated damages, and that thereupon the agreement was to become null and void. It was also provided "that this agreement is made subject to the securing of a mortgage in the amount of Fifty-five Hundred Dollars." Thereafter George D. King and Bertha L. King applied to a loan association for a mortgage in the amount of $5,500; the application was approved. On October 26, 1954, prior to the settlement date, George D. King died, and appellant, Bertha L. King, was appointed adminis-tratrix of his estate. The loan association canceled the joint application of the husband and wife for the mortgage loan because of the death of George D. King, and appellant made no further application for a loan at the same or any other institution. Settlement was fixed for November 12, 1954, in accordance with the terms of the agreement, and at that time the defendant was ready, willing, and able to perform. Appellant failed to make settlement and the deposit was retained by defendant. The equity action followed.

· ·Appellant first contends that the agreement of sale as a whole, and consequently the provision relating to defendant retaining the deposit as liquidated damages, is unenforceable because it is vague and indefinite with respect to the terms of the mortgage to be secured. With this contention we do not agree. It is clear from the agreement that as between the buyers and the seller the transaction was one involving cash. The deposit of $800 was paid and the balance of $7,700 was to be paid in "Cash at settlement." The provision that the agreement was made subject to the securing of a mortgage in the amount of $5,500 indicates only that the buyers would attempt to secure the mortgage, and that, if they were unable to do so after reasonable effort, the agreement was to be ineffective. See *Tudesco v. Wilson,* 163 Pa. Superior Ct. 352, 357, 60 A. 2d 388; *Beato v. DiPilato,* supra, 175 Pa. Superior Ct. 602, 604, 106 A. 2d 641; *Funke v. Paist,* supra, 356 Pa. 594, 595, 52 A. 2d 655. It was not necessary that the terms of the intended mortgage be set forth. That was a matter to be determined by the buyers and the lending agency. The significance of the mortgage to the seller under this agreement was that the agreement was to be canceled and the deposit returned in the event the mortgage was not obtained after reasonable effort. Appellant does not question the finding of the chancellor that she was not ready to perform in accordance with the terms of the agreement on the day of settlement.

Appellant's further argument is that, assuming the agreement was sufficiently specific, defendant's offer, on the day of settlement, to take a purchase money mortgage and bond was not in compliance with the terms of the agreement. It appears that on the day of settlement, when defendant learned of the failure of appellant to obtain a mortgage elsewhere, he offered

to take a bond and mortgage instead of $5,500 in cash. Defendant was not required to do this under the agreement; in effect it was an offer to modify the written agreement. Appellant rejected the offer. It does not follow, as appellant contends, that she is entitled to the return of the deposit because of this subsequent offer. Defendant was still ready, willing, and able to perform in accordance with the original agreement, and his offer to accept a mortgage in place of the cash would have served only to permit appellant to comply with the agreement notwithstanding her initial breach. If appellant had accepted the modification, defendant would thereby have waived her breach with respect to payment in cash. However, appellant rejected it and she continued in her inability or unwillingness to comply with the terms of the original contract. Cf. *Hollander v. Friedman,* 360 Pa. 20, 59 A. 2d 892.

Furthermore, there is no merit in appellant's contention that at most the original agreement required a mortgage but not an accompanying bond. The usual and accepted meaning of the term "mortgage" under these circumstances is that it includes a bond as well. See *Bohlen v. Black,* 237 Pa. 399, 407, 410, 85 A. 470; *Girard Trust Company v. Philadelphia,* 369 Pa. 499, 503, 87 A. 2d 277.

Appellant has presented two questions, which we have discussed, and apparently they are the only questions which were raised in the court below. It seems to us that appellant would have been on more substantial ground had she accepted the written agreement (which was prepared by her agent) for what it plainly and obviously provided, and had directed her action at the recovery of the deposit on the basis of her inability to obtain financing after having made reasonable effort to do so. See *Beato v. DiPilato,* supra, 175

Pa. Superior Ct. 602, 106 A. 2d 641. However, this possibility is not before us, as it was not raised in the court below or on appeal. See *Lare v. Young,* 153 Pa. Superior Ct. 28, 31, 33 A. 2d 662. Although we may affirm a decree for reasons other than those given by the court below, a decree will not be reversed for reasons which were not raised before, or as in this case not even on appeal. *Sherwood v. Elgart,* 383 Pa. 110, 115, 117 A. 2d 899. Under the circumstances, appellant is bound by the theory upon which she submitted and tried her case. *Kramer v. Pittsburgh Coal Company,* 341 Pa. 379, 19 A. 2d 362.

The decree of the court below is affirmed at the cost of appellant.