## Vitelli v. Liquor Control Board

*Lawrence J. Richette,* for plaintiffs.
*Ronald N. Rutenberg,* for defendants.

ROSENBERG, S., J., March 5, 1975—This litigation was commenced by plaintiffs' complaint in equity, together with a request for a preliminary injunction to restrain defendants from transferring

the liquor license owned by Words Enterprises for the operation of Harlow's, a night club located at 32-34 South Bank Street, Philadelphia, Pa. From the record it appears that the parties entered into a stipulation that no transfer of the license would be made without first giving notice to all parties and the court.

At this stage in the pleadings, defendants have filed preliminary objections to a second amended complaint the thrust of which is a request to transfer the case to the law side of the court. Plaintiffs assert that the case should remain in equity.

Plaintiffs argument is two-fold: They allege that since the case was started in equity and because defendants signed the aforementioned stipulation, defendants have submitted to equity jurisdiction. Further, plaintiffs argue that the alleged concealment of outstanding Housing Code violations against the subject premises constituted a deliberate fraud, and that such fraud was a proper subject matter for equity jurisdiction.

We do not agree. The case was originally commenced in equity because of the desire of plaintiffs for a restraining order, a form of relief which only a court of equity can grant. However, when the stipulation was entered into by the parties, the need for a restraining order and equitable relief was obviated. Thus, all that remains is plaintiffs' claim for monetary damages. Since no further relief peculiar to a court of equity is sought, we see no compelling reasons for this case to remain in equity, and thus grant defendants' preliminary objections.

Additionally, from the facts pleaded in plaintiffs' complaint, it is clear that plaintiffs themselves repudiated the contract. It thus appears that plaintiffs have no standing to seek a restraining order

enjoining a transfer of the liquor license, because no agreement exists between the parties.

Plaintiffs' complaint then, distilled to its real basis, is simply a complaint in assumpsit seeking monetary damages in the amount of $15,000 if defendants made fraudulent misrepresentations of fact, or $12,000 if no fraud be found.

In King v. Clark, 183 Pa. Superior Ct. 190, 130 A. 2d 245 (1957), the court stated: "When it became clear to the chancellor, . . . that the nature of this action was simply to recover the deposit, it was his *duty* to certify the case to the law side of the court." (Emphasis supplied.)

In the instant case, plaintiffs merely seek the return of their deposit, either whole or in part, and thus we sustain defendants' preliminary objections.