J-S22033-21

2021 PA Super 165

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA TRAVIS GILL :
:
Appellant : No. 154 MDA 2021

Appeal from the PCRA Order Entered December 21, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001779-2018

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.: **FILED AUGUST 17, 2021**

Joshua Travis Gill (Gill) appeals from the order entered in the Court of

Common Pleas of Lebanon County (PCRA court) dismissing his first petition

filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-

9546. Gill claims that the sentence imposed on his Driving Under the Influence

of alcohol (DUI)—Highest Rate conviction, graded as a second offense, is

illegal. We affirm.

**I.**

**A.**

The relevant facts and procedural history of this case are as follows. Gill

was charged on August 23, 2018, with DUI-Highest Rate, Second Offense;

DUI —General Impairment, Second Offense; and related Summary Offenses

---

[*] Retired Senior Judge assigned to the Superior Court.

for an incident that occurred in June 2018.[1]  On October 23, 2019, a jury convicted Gill of the DUI charges and the trial court found him guilty of the summary offenses.  The grading of the DUI charges as a second offense was based on Gill's acceptance and completion of an accelerated rehabilitative disposition (ARD) program for an April 14, 2009 DUI charge which he completed on June 2, 2010.

On January 15, 2020, the trial court sentenced Gill to a term of incarceration of 90 days to two years less one day in the county correctional facility on the DUI, highest rate offense.  The DUI, general impairment offense, merged with the highest rate charge for sentencing purposes and no further penalty was imposed on the summary offenses.  The trial court found it to be his second offense because 75 Pa.C.S. § 3806 treats prior acceptance of an ARD in a DUI case as a prior conviction for sentencing enhancement purposes. The sentence was consistent with the permissible sentencing range for a second DUI offense.  **See** 75 Pa.C.S. § 3804(c)(2)(i) (providing a minimum term of incarceration of 90 days for a second DUI, highest rate offense).  Gill did not file a direct appeal.  His judgment of sentence became final on February 14, 2020.

However, on May 20, 2020, after sentencing in this case, we held in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), that 75

---

[1] 75 Pa.C.S. §§ 3802(c), 3802(a)(1), 3309 and 3714.

Pa.C.S. § 3806 is unconstitutional insofar as it defined a previous acceptance of an ARD in a DUI case as a prior offense for sentencing purposes. Our decision was based on **Alleyne v. United States**, 570 U.S. 99 (2013), where the United States Supreme Court addressed mandatory minimum sentences and established a new constitutional rule of law that under the Sixth Amendment of the United States Constitution, where any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury and found beyond a reasonable doubt. **See id.** at 102. As will be discussed more fully *infra*, our Supreme Court has determined that the **Alleyne** holding is procedural in nature and is not applicable to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

**B.**

Gill filed his PCRA petition on July 2, 2020, asserting that he is entitled to relief pursuant to Section 9543(a)(2)(vii) of the PCRA because the trial court imposed a sentence greater than the lawful maximum.[2] Gill bases his claims on this Court's decision in **Chichkin**, **supra**, which was issued on May 20, 2020, after his judgment of sentence became final.

The **Chichkin** case involved a direct appeal wherein the defendant challenged the trial court's treatment of his acceptance of an ARD in a prior

---

[2] 42 Pa.C.S. § 9543(a)(2)(vii).

DUI case as a second offense for sentencing enhancement purposes. The Court held that under **Alleyne**, the acceptance of an ARD in the prior case constituted an unproven fact that must be found beyond a reasonable doubt by the factfinder before it can be considered a second offense for sentencing purposes. **See Chichkin** at 970-71. Gill posits that the **Chichkin** holding applies retroactively to his case on collateral review, and that his sentence imposing the mandatory minimum of 90 days of incarceration on the DUI graded as a second offense should be vacated.

The PCRA court denied Gill's petition, holding that **Chichkin** does not apply to cases on collateral review, *i.e.,* PCRA petitions, because its holding is procedural, not substantive in nature, and procedural rulings do not apply retroactively. (**See** PCRA Court Opinion, 12/21/20, at 11). Gill timely appealed and he and the PCRA court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b).[3]

## II.

## A.

On appeal, Gill challenges the PCRA court's finding that **Chichkin** is procedural in nature and not retroactively applicable to invalidate his

---

[3] Our standard of review requires us to assess whether the PCRA court's findings of fact are supported by the record and whether its conclusions of law are free from error. **See Commonwealth v. Orner**, 251 A.3d 819, 824 (Pa. Super. 2021). We review the PCRA court's legal determinations *de novo*. **See id.**

sentence. Instead, Gill contends that the **Chichkin** decision is substantive in nature and prohibits the unconstitutional punishment of those who had a prior DUI charge and completed an ARD program. Because Section 3806 of the Vehicle Code is invalid, Gill argues that the court's consideration of his ARD disposition as a prior conviction in determining his sentence is illegal.

**B.**

We begin by noting that "new constitutional **procedural** rules generally pertain to **future cases** and matters that are pending on **direct review** at the time of the rule's announcement." **Washington**, **supra** at 815 (citation omitted). A new rule applies retroactively in a collateral proceeding only if it is substantive in nature or if it is considered a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the proceeding. **See Commonwealth v. Ross**, 140 A.3d 55, 59 (Pa. Super. 2016). Substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons. **See Montgomery v. Louisiana**, 577 U.S. 190, 201 (2016). Conversely, procedural rules regulate only "the **manner of determining** the defendant's culpability." **Id.** (emphasis original).

Our Supreme Court in **Washington** explained:

> There is presently no controversy concerning the proposition that **Alleyne** sets forth a new rule of constitutional law. As to the substantive-procedural distinction, we agree with the Commonwealth that the **Alleyne** rule neither alters the range of conduct or the class of persons punished by the law. Rather, the holding allocates the relevant decision-making authority to a jury

- 5 -

rather than a judge, while establishing the beyond-a-reasonable-doubt standard as the essential burden of proof. *See Alleyne*, at 2155.

\* \* \*

We also have no basis for disagreeing with the Commonwealth that the *Alleyne* rule is not of a groundbreaking, 'watershed' character. It remains lawful and, indeed, routine for judges to increase sentences, in the discretionary sentencing regime, based on facts that they find by a preponderance of the evidence. *See Alleyne*, at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury; we have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). Thus, the inherent reliability of judge-determined facts at the sentencing stage is not directly in issue, and we find that this understanding places substantial perspective on the fairness concerns involved.

We recognize that, per *Alleyne*, it is no longer permissible for state legislatures to direct judges to apply specified minimum sentences based on preponderance-based judicial findings of fact. Nevertheless, we conclude that such new rule is materially different in character from *Gideon's* [*v. Wainwright*, 372 U.S. 335 (1963)] prescription for assistance of counsel, which is presently enshrined as the only recognized watershed rule of criminal procedure. . . .

We hold that *Alleyne* does not apply retroactively to cases pending on collateral review, and that Appellant's judgment of sentence, therefore, is not illegal on account of *Alleyne*.

*Washington*, *supra* at 818-20 (some citations omitted).

In this case, the PCRA court concluded:

Like *Alleyne*, . . . we believe the portion of Section 3806 at issue in *Chichkin* is a procedural, rather than substantive, rule. A rule requiring certain facts to be determined by a jury, rather than a judge is procedural in nature. Like the rule in *Alleyne*, the *Chichkin* rule requires that certain facts *i.e.*, that a defendant was guilty of a prior DUI, be determined by a jury rather than a judge. *Chichkin* does not alter the range of conduct or the class of

persons to be punished by the law. Neither is the rule of 'groundbreaking watershed character' as judges retain broad discretion in determining the appropriate sentence to be imposed in a defendant. For these reasons, we find that the rule enunciated in **Chichkin** is not applicable retroactively in this collateral proceeding.

(PCRA Ct. Op., at 11) (some citations omitted).

We agree with the PCRA court's rationale and find no error in its determination that the **Chichkin** holding is procedural in nature and does not apply retroactively to Gill's collateral PCRA petition. It does not decriminalize any type of conduct or prohibit punishment against a particular class of persons, as it impacts only how the DUI offense is graded. **See Montgomery supra**, at 201. Given the broad discretion afforded to the trial court at sentencing and its obligation to consider the defendant's relevant circumstances and background, including whether he participated in an ARD program for DUI, **Chichkin** does not represent a watershed procedural rule akin to the right to counsel set forth in **Gideon**. Accordingly, Gill is not entitled to relief on his claim.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/17/2021

- 7 -