IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Rimer-Klak        :
       :
              v.              : No. 875 C.D. 2021
       : Submitted: March 8, 2024
Commonwealth of Pennsylvania,     :
Department of Transportation,       :
Bureau of Driver Licensing,        :
       :
            Appellant    :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: May 9, 2024


       The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the June 30, 2021 order of the Montgomery County Court of Common Pleas (trial court) that sustained the statutory appeal of Gregory Rimer-Klak (Licensee) and rescinded the 12-month suspension of his operating privilege for driving under the influence (DUI) because DOT erroneously concluded that it was his second driving under the influence (DUI) offense. The trial court also opined that DOT waived its legal argument because it failed to object to, or clearly assert, the inapplicability of *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), *overruled by Commonwealth v. Moroz*,

284 A.3d 227 (Pa. Super. 2022), before the trial court. On appeal,[1] DOT argues that it adequately raised the issue of the inapplicability of *Chichkin* before the trial court, and that the issue has not been waived. DOT further argues that the suspension was warranted because Licensee's first DUI, which was disposed of through the Accelerated Rehabilitative Disposition (ARD) program, is considered a "prior offense" for license suspension purposes. After careful review, we reverse.

On March 20, 2012, Licensee was accepted into the Montgomery County ARD Program based on a charge of DUI-high rate of alcohol (1st offense) in violation of Section 3802(b) of the Vehicle Code, 75 Pa. C.S. §3802(b),[2] stemming from an incident that occurred on November 6, 2011. Reproduced Record (R.R.) at 44a. As a result of his acceptance into ARD, and in accordance with Section 3807(d)(2) of the Vehicle Code, 75 Pa. C.S. §3807(d)(2) (relating to mandatory suspension of operating privileges), DOT suspended Licensee's driving privilege for 30 days. R.R. at 41a-43a. Licensee completed the suspension, and DOT restored his driving privilege effective December 8, 2012. *Id.* at 40a.

On August 14, 2020, Licensee was convicted of DUI-general impairment (1st offense) in violation of Section 3802(a)(1) of the Vehicle Code, 75

---

[1] By September 14, 2023 Order, this Court precluded Licensee from filing a brief because he failed to file a brief as required by this Court's May 5, 2023 Order.

[2] Section 3802(b) provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle."

75 Pa. C.S. §3802(b).

Pa. C.S. §3802(a)(1),[3] as an ungraded misdemeanor for an offense that occurred on September 28, 2019, and sentenced under Section 3804(a)(1) of the Vehicle Code, 75 Pa. C.S. §3804(a)(1).[4]  R.R. at 38a-39a.  As a result of this DUI conviction, DOT informed Licensee, by notice mailed on August 25, 2020, that it was suspending his driving privilege for one year, effective September 29, 2020, pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa. C.S. §3804(e)(2)(i), which imposes a 12-

---

[3] Section 3802(a)(1) provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  75 Pa. C.S. §3802(a)(1).

[4] Section 3804(a)(1) of the Vehicle Code provides as follows:

> **(a) General impairment.**—Except as set forth in subsection (b) or (c), an individual who violates Section 3802(a) (relating to driving under the influence of alcohol or controlled substance) shall be sentenced as follows:

> (1) For a first offense, to:

>> (i)      undergo a mandatory minimum term of six months' probation;

>> (ii)      pay a fine of $300;

>> (iii)      attend an alcohol highway safety school approved by [DOT]; and

>> (iv)      comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing.)

75 Pa. C.S. §3804(a)(1).

month suspension.[5]  R.R. at 32a-37a.  Licensee appealed his license suspension to the trial court, and a *de novo* hearing was held on June 30, 2021.[6]

At the hearing, DOT's counsel explained the contents of DOT's certified packet of documents, including Exhibit C-1 (Licensee's Certified Driving Record), which included the August 25, 2020 notice of suspension resulting from Licensee's conviction under Section 3802(a)(1) of the Vehicle Code, and a DL-21 Form, noting that Licensee was convicted of DUI as a first offense, ungraded misdemeanor and sentenced under Section 3804(a)(1) of the Vehicle Code.  R.R. at 26a-27a; 33a-38a.  DOT's counsel also pointed to other documents in the packet showing that Licensee had previously accepted ARD for his violation of Section 3802(b) of the Vehicle Code and served a license suspension based thereon.  *Id.* at 26a-27a, 40a-50a.  Licensee, appearing *pro se*, did not object to the admission of his driving record, and DOT's Exhibit C-1 was admitted into evidence.  *Id.* at 22a-23a, 27a.

As to the DUI suspension at issue, DOT's counsel explained that Licensee's certified driving record included a suspension for the August 14, 2020 DUI conviction because it was not Licensee's first offense and that Licensee, "had

---

[5] Section 3804(e)(2)(i) of the Vehicle Code provides that "[s]uspension under paragraph (1) shall be in accordance with the following: (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter." 75 Pa. C.S. §3804(e)(2)(i).

[6] Licensee also appealed the one-year suspension of his operating privilege imposed in accordance with Section 1547 of the Vehicle Code, 75 Pa. C.S. § 1547 (relating to chemical testing to determine amount of alcohol or controlled substance), for his chemical test refusal on September 28, 2019. R.R. at 51a-56a. The trial court consolidated the appeals and considered this appeal at the June 30, 2021 *de novo* hearing. After hearing testimony, the trial court denied Licensee's appeal of this suspension. R.R. at 24a-25a. Because Licensee did not appeal this suspension to our Court, it is not before us, and we need not discuss it further.

4

a previous DUI in 2011, I believe, Your Honor."[7]  R.R. at 27a.  Licensee confirmed his previous DUI, to which the trial court responded, "[s]o it's not really a first offense."  *Id.*  Licensee then objected to the suspension, arguing that his August 14, 2020 DUI conviction should be treated as a first offense because his previous DUI offense resulted in ARD which should not be counted as a prior offense under *Chichkin*.  *Id.* at 27a-28a.  Licensee explained that his public defender brought the *Chichkin* case to his attention.  *Id* at 27a.  The trial court, DOT's counsel, and Licensee then engaged in the following exchange.

> THE COURT:  Why is that?  I'm not asking you [Licensee].  I'm asking [DOT] counsel here.  Why under that case, why didn't that apply to him?
>
> [DOT COUNSEL]:  Your Honor, it may have been before the case came down.  I don't have the date of when the case was decided, but this took place on September 28 of – well, the DUI was August 1 – I'm sorry.  The DUI took place on September 28 of 2019 and he pleaded guilty on August 14 of 2020.
>
> THE COURT:  All right, I'm going to grant his appeal on the DUI part for the suspension related, so that's going to be taken away, but you still have the one-year for the refusal.  All right?
>
> [DOT COUNSEL]:  Do you want me to submit the certified record for that case?
>
> THE COURT:  Yes, why don't you because I don't have it.
>
> [DOT COUNSEL]:  It would be C-1, the same and that would be the certified record showing the DUI suspension.

---

[7] Licensee's prior DUI stemmed from an incident that occurred on November 6, 2011, for which he was accepted into ARD on March 20, 2012.  R.R. at 44a.

5

(Certified Certification and Attestation marked []DOT's Exhibit C-1 for identification and received into evidence.)

THE COURT: All right, I understand. All right, is there anything else for the Court's consideration?

[DOT COUNSEL]: Not for [this Licensee's case].

THE COURT: [Licensee], anything else for the Court?

[LICENSEE]: No, Your Honor.

R.R. at 28a-29a. Accordingly, the trial court entered an order dated June 30, 2021, docketed on July 1, 2021, sustaining Licensee's appeal, and rescinding his license suspension for the DUI conviction. *Id.* at 62a. DOT then appealed the trial court's order to this Court. *Id.* at 63a-67a.

The trial court ordered DOT to submit a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) (1925(b) Statement). R.R. at 68a. DOT submitted its 1925(b) Statement dated August 10, 2021. *Id.* at 69a-73a. DOT argued that the trial court erred in ignoring Section 3806(a) of the Vehicle Code which includes ARD in the definition of "prior offense." *Id.* at 69a-70a. DOT further argued that the trial court erred when it applied *Chichkin* to Licensee's license suspension, which is a civil proceeding, when *Chichkin* held that Section 3806(a) of the Vehicle Code was unconstitutional as applied to criminal sentencing. *Id.* at 70a-71a.

On January 25, 2023, the trial court issued a memorandum opinion explaining the reasoning for its decision.[8] As to waiver, the trial court acknowledged that DOT argued in its 1925(b) Statement that because *Chichkin* is a criminal case,

---

[8] Although the heading of the Trial Court Opinion includes the date of August 30, 2021, the Trial Court Opinion was docketed on January 25, 2023. R.R. at 1a, 74a, 80a. The Trial Court Opinion dated January 25, 2023, may be found in the Reproduced Record at 74a-80a.

it does not apply to a civil license suspension. R.R. at 76a. The trial court concluded that, "[a]t the hearing, [DOT] did not object to or challenge the application of *Chichkin*. When this court asked [DOT] for its response to its application, [DOT] appeared to be unprepared and provided incoherent reasoning which does not match the argument now offered in its [1925(b)] Statement." *Id.* The trial court quoted the above exchange at the hearing between Licensee, DOT, and the court. *Id.* at 76a-77a. The trial court concluded that because DOT "fail[ed] to make an objection, the present argument that [DOT] provides in its [1925(b)] Statement is inconsistent with any reasoning [DOT] attempted to offer at the hearing." *Id.* at 77a. The trial court cited Pa.R.A.P. 302 and case law interpreting the rule and concluded that because DOT did not offer the argument at the hearing that *Chichkin* should not apply to a civil license suspension, it should be "dismissed" as a "waived issue." *Id.* at 78a.

The trial court then proceeded to discuss the merits of Licensee's appeal. The trial court found that Licensee pleaded guilty to DUI on August 14, 2020, for which he was sentenced to six months' probation, a $300 fine, and costs. R.R. at 75a. The trial court explained that it

> specifically placed a handwritten note on the sentencing sheet stating that "due to [Licensee's] prior DUI being an ARD disposition, this DUI will be treated as a first offense." Sentencing Sheet, 8/14/20, pg. 1. Under [Section 3804(e)(2)(iii) of the Vehicle Code,] 75 Pa. C.S. §3804(e)(2)(iii), "[t]here shall be no suspension for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject to the penalties imposed in subsection (a) and the person has no prior offense." However, contrary to this court's sentence which imposes no additional suspension, [DOT] imposed a second suspension on [Licensee] for an ungraded misdemeanor in accordance with the requirements of [Section 3804(e)(2)(i) of the Vehicle Code,] 75 Pa. C.S. §3804(e)(2)(i) of "12 months [suspension] for an ungraded misdemeanor or

7

misdemeanor of the second degree under this chapter," except as provided for in subparagraph (iii) stated above.

*Id.* The trial court rejected DOT's argument that *Chichkin* does not apply to civil license suspensions as "unfounded." *Id.* at 78a. The trial court concluded that DOT "incorrectly interprets the holding of *Chichkin* more narrowly than was asserted in the opinion." *Id.* The trial court further concluded that Section 3806(a) of the Vehicle Code, held as unconstitutional as applied in *Chichkin*, is not a criminal statute, but part of the Vehicle Code. *Id.* The trial court explained:

> This trial court's decision is, indeed, contrary to [Section 3806(a) of the Vehicle Code,] 75 Pa. C.S. §3806(a), but it is consistent with the Superior Court's recent holding [in *Chichkin*] that this rule is unconstitutional as applied to acceptance of ARD. The argument regarding whether a criminal case holding may be applied to a civil matter is irrelevant, as the holding addresses the constitutionality of a statute that is not criminal and that is being relied on in this present case. Accordingly, [DOT's] newly introduced argument that *Chichkin* is not applicable because it is a criminal case should be dismissed.

*Id.* at 79a. The trial court further rejected DOT's original reasoning that *Chichkin* presents an issue of retroactivity, distinguishing *Commonwealth v. Gill*, 261 A.3d 544 (Pa. Super. 2021). R.R. at 79a-80a. The trial court concluded that, "[b]ased on the evidence presented and the lack of coherent argument from [DOT], this court sustained [Licensee's] appeal regarding the DUI guilty plea portion of the suspension." *Id.* at 75a. Accordingly, based on the above, and relying on *Chichkin*, the trial court sustained Licensee's appeal and overturned Licensee's suspension. DOT then appealed to this Court.[9]

---

[9] Our review is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Cole v. Department of Transportation, Bureau of Driver Licensing*, 909 A.2d 900, 902 n.5 (Pa. Cmwlth. 2006). In addition:

**(Footnote continued on next page…)**

DOT first argues that it did not waive the issue concerning Licensee's suspension based on the August 14, 2020 DUI conviction, because it maintained its position throughout Licensee's statutory appeal that this conviction was a second offense which sufficiently placed the trial court on notice of its position. DOT argues that its counsel at the hearing, Attorney Viglione, correctly stated that DOT treated Licensee's acceptance of ARD for violating Section 3802(b) of the Vehicle Code as a prior offense for purposes of imposing the 12-month suspension, pursuant to Section 3804(e)(2)(i) of the Vehicle Code. DOT further argues that it correctly distinguished *Chichkin* in its 1925(b) Statement. In support of its nonwaiver argument, DOT cites *Cesare v. Department of Transportation, Bureau of Driver Licensing*, 16 A.3d 545 (Pa. Cmwlth. 2011), and *Ford v. Department of Transportation, Bureau of Driver Licensing*, 776 A.2d 367 (Pa. Cmwlth. 2001), for the proposition that it may raise new arguments on appeal so long as the arguments relate to the same issue.

---

"In a license suspension case, the only issues are whether the licensee was in fact convicted, and whether []DOT has acted in accordance with applicable law." []DOT bears the initial burden to establish a *prima facie case* that a record of conviction supports a suspension. An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. []DOT must also establish that it acted in accordance with applicable law.

****

To overcome the rebuttable presumption that []he was convicted of these offenses, [the l]icensee bore the burden of proving by clear and convincing evidence that the record was erroneous. Clear and convincing evidence is "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction without hesitancy, as to the truth of the facts at issue."

*Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628, 633 (Pa. Cmwlth. 2021), *appeal granted*, 280 A.3d 859 (Pa. 2022) (citations omitted).

9

After careful review of the entire record, including the trial transcript and DOT's 1925(b) Statement, we conclude that the trial court erred in finding that DOT waived the issue of whether Licensee's ARD constituted a prior offense for purposes of license suspension under Section 3806(a) of the Vehicle Code. We agree with DOT that it sufficiently raised the issue before the trial court, by referring to Licensee's driving record, admitted without objection, and through the trial court's acknowledgement of its argument that the August 14, 2020 DUI conviction was "not really a first offense." R.R. at 27a. Further, we do not agree with the trial court that DOT failed to object at all to the application of *Chichkin* at the hearing. Although DOT's response at the hearing regarding the application of *Chichkin* appeared to be incomplete and focused on the timing of events, and it presented a different argument to distinguish *Chichkin* its 1925(b) Statement, a change in legal argument does not result in a waiver of the issue.

Pa.R.A.P. 302(a) provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." In *Wert v. Department of Transportation, Bureau of Driver Licensing*, 821 A.2d 182 (Pa. Cmwlth. 2003), our Court declined to find waiver when a licensee raised federal constitutional claims on appeal that he did not raise at a hearing. This Court opined:

> We do not believe that Pa.R.A.P. 302(a) requires a litigant to make identical arguments at each stage of his case. The issue must be preserved, but this does not mean every argument is written in stone at the initial stage of litigation. *Doe Spun, Inc. v. Morgan*, [502 A.2d 287 (Pa. Cmwlth. 1985)] (permitting appellants to add an additional citation to their argument that they did not raise before the trial court because they raised the issue generally); *In re King's Estate*, [130 A.2d 245 (Pa. Super. 1957)] (noting that the Court may affirm a decree for reasons which were not raised before, or reasons not raised on appeal). Thus, logic dictates that an appellant can raise new arguments so long

10

> as they relate to the same issue. Here, [the l]icensee raised ARD, extrapolation evidence[,] and successive suspensions, as new reasons to support his privileges and immunities claim.

*Wert*, 821 A.2d at 186 n.9. *See also Cesare*, 16 A.3d at 550-51 (holding that DOT did not waive the issue of the licensee's lack of prejudice due to pending revocations or suspensions when it argued throughout the proceedings that the licensee was not prejudiced by DOT's delay). Here, DOT argued throughout the proceedings the issue that Licensee's suspension was properly imposed because his ARD constituted a prior offense for purposes of a license suspension under Section 3806(a) of the Vehicle Code. DOT objected to the application of *Chichkin* at the hearing, albeit inartfully, and it presented a different legal argument against the application of *Chichkin* in its 1925(b) Statement, giving the trial court ample opportunity to analyze the legal issues presented, which it did in its opinion. Therefore, we conclude that the trial court erred by finding that DOT waived the issue.

As to the merits, DOT argues that the trial court committed an error of law when it determined that *Chichkin* barred Licensee's suspension when *Chichkin* has been overruled. We agree. Section 3802 of the Vehicle Code provides various offenses relating to DUI. Section 3804 of the Vehicle Code sets forth both criminal and civil consequences for convictions of DUI offenses under Section 3802. Section 3804(e) of the Vehicle Code specifically governs the "[s]uspension of operating privileges upon conviction" and provides, in relevant part:

> (1) [DOT] shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
> (i) an offense under [S]ection 3802; or

11

(ii) an offense which is substantially similar to an offense enumerated in [S]ection 3802 reported to [DOT] under Article III of the compact in [S]ection 1581 (relating to Driver's License Compact).

(2) Suspension under paragraph (1) shall be in accordance with the following:

(i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

(ii) 18 months for a misdemeanor of the first degree or felony of the third degree under this chapter.

(iii) There shall be no suspension for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject penalties provided in subsection (a) and the person has no prior offense.

75 Pa. C.S. §3804(e).

The exception set forth in Section 3804(e)(2)(iii) of the Vehicle Code applies if three conditions are met:

First, the licensee must be convicted of violating 75 Pa. C.S. §3802(a)(1)[,] as an ungraded misdemeanor. Second, the licensee must be subject to the penalties contained in 75 Pa.C.S. §3804(a). Third, the licensee must not have a "prior offense" as defined in Section 3806 of the Vehicle Code.

*Becker v. Department of Transportation, Bureau of Driver Licensing*, 186 A.3d 1036, 1037-38 (Pa. Cmwlth. 2018). Here, it is undisputed that Licensee was convicted of violating Section 3802(a)(1) of the Vehicle Code as an ungraded misdemeanor, and that he was sentenced under Section 3804(a)(1) of the Vehicle Code. Therefore, whether Licensee can avoid the 12-month license suspension rests

12

solely on whether his prior acceptance of ARD counts as a "prior offense" within the meaning of Section 3806 of the Vehicle Code.

Section 3806(a)(1), (b)(1)(i) and (ii) of the Vehicle Code provides, in relevant part:

> **(a) General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> > (1) an offense under [S]ection 3802 (relating to driving under the influence of alcohol or controlled substance);
>
> ****
>
> **(b) Timing.**—
>
> > (1) For purposes of [S]ection[] … 3804 (relating to penalties) …, the prior offense must have occurred:
> >
> > > (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or
> > >
> > > (ii) on or after the date of the offense for which the defendant is being sentenced.

75 Pa. C.S. §3806(a)(1), (b)(1)(i) and (ii).

The trial court concluded that Licensee's acceptance into an ARD program could not be construed as a prior offense according to *Chichkin*, and that the distinction between criminal and civil penalties was not relevant. We note, however, that the application of *Chichkin* to civil license suspension cases was recently decided by this Court in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021), *appeal granted*, 280 A.3d

13

859 (Pa. 2022),[10] *transferred to and stay of suspension granted* (Pa., No. 73 MAP 2022, filed July 7, 2022).[11]

In *Ferguson*, the licensee was charged with DUI–general impairment in violation of Section 3802(a)(1) of the Vehicle Code (an ungraded misdemeanor) in 2012, and was accepted into an ARD program, which he successfully completed. In 2020, the licensee pleaded guilty to a second DUI–general impairment charge in violation of Section 3802(a)(1) of the Vehicle Code (also an ungraded misdemeanor). Thereafter, DOT notified him that his driving privilege was suspended for 12 months pursuant to Section 3804(e)(2)(i) of the Vehicle Code. The licensee appealed to the trial court, but his appeal was ultimately denied.

On appeal to this Court, the licensee argued that, pursuant to *Chichkin*, his prior ARD cannot be considered a prior offense under Section 3806(a)(1) of the Vehicle Code (defining acceptance into ARD as a prior offense), where he

---

[10] Our Supreme Court granted allocatur in *Ferguson* as to the following issue:

> Did the Commonwealth Court err by ignoring the controlling decisions of this Court and the United States Supreme Court [by] holding that DUI statutes that penalize a defendant with a lengthy license suspension as a recidivist based on prior acceptance of ARD disposition do not violate due process under the Pennsylvania and United States Constitutions even though the defendant who accepts ARD is presumed innocent and there is no proof of guilt?

*See Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 280 A.3d 859 (Pa. 2022), *transferred to and stay of suspension granted* (Pa., No. 73 MAP 2022, filed July 7, 2022).

[11] We acknowledge that the Supreme Court on appeal may overturn this Court's determination regarding the use of ARDs as "prior offenses" in license suspension cases. Until it does, this Court's determination in *Ferguson* remains the law of the Commonwealth. *See Germantown Cab Co. v. Philadelphia Parking Authority*, 27 A.3d 280, 283 (Pa. Cmwlth. 2011) ("It is axiomatic that a decision of an appellate court remains binding precedent, even if it has been appealed, unless and until it is overturned by the Pennsylvania Supreme Court.").

14

successfully completed his ARD, which involved no proof or admission of guilt, and the DUI charge was dismissed. Thus, the licensee claimed that DOT had no authority to impose a 12-month suspension because he met the license suspension exception set forth in Section 3801(e)(2)(iii) of the Vehicle Code.

This Court explained that although the ARD program is criminal in nature, a license suspension resulting from ARD is civil in nature; thus, it is a collateral consequence of the criminal proceeding. We stated:

> Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, i.e., the criminal sentencing provisions. Section 3804(e) of the Vehicle Code expressly refers to "[s]uspension of operating privileges upon conviction," i.e., the collateral civil consequence thereof. 75 Pa.C.S. §3804(e); *see Brewster*[ *v. Department of Transportation*, 503 A.2d 497 (Pa. Cmwlth. 1986)]. Accordingly, because license suspensions are civil proceedings, the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes.

*Ferguson*, 267 A.2d at 632.

Moreover, and more importantly, the Superior Court has expressly overruled its prior holding in *Chichkin* in *Moroz*, 284 A.3d at 233, ("Accordingly, we expressly overrule *Chichkin*. We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster.").

15

Based on the foregoing, we conclude that the trial court erred when it rescinded Licensee's suspension based on *Chichkin*.[12]   *See also Owens v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1268 C.D. 2020, filed September 30, 2022); *Hazlett v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1007 C.D. 2020, filed September 30, 2022); *Kris v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 450 C.D. 2021, filed November 18, 2022); *Bollinger v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1125 C.D. 2020, filed January 20, 2023); *Clingan v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 231 C.D. 2021, filed August 29, 2023) (all reversing the trial court and reinstating the licensee's suspension based on the inapplicability of *Chichkin*, and holding that the licensee's ARD is a prior offense as defined in Section 3806(a) of the Vehicle Code).[13]

Accordingly, the trial court's order is reversed, and Licensee's license suspension is reinstated.

 

 

_____
MICHAEL H. WOJCIK, Judge

---

[12] We also note that, to the extent the trial court in Licensee's suspension appeal relied upon a note in Licensee's criminal proceeding to ignore Licensee's ARD as a prior offense for sentencing purposes, this would also constitute an error of law.  Whether the sentencing court treated the second DUI "as a first, second, or third offense for purposes of *criminal* sentencing matters not.  If, prior to sentencing on the most recent violation . . . a licensee has received a preliminary disposition [ARD] for violations of Section 3802 of the Vehicle Code, the licensee has a prior offense." *Diveglia v. Department of Transportation, Bureau of Driver Licensing*, 220 A.3d 1167, 1172-73 (Pa. Cmwlth. 2019) (emphasis in original).

[13] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Rimer-Klak   :
           :
    v.     : No. 875 C.D. 2021
           :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing,   :
           :
       Appellant :

# **O R D E R**

AND NOW, this 9th day of May, 2024, the order of the Montgomery County Court of Common Pleas dated June 30, 2021, is REVERSED, and the 12-month suspension of Gregory Rimer-Klak's operating privilege, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is REINSTATED.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge